IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| K. KAY SHEARIN, | : |
| --- | --- |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Action No. 03-503-JJF |
| | : |
| JOHN DOE 1 THROUGH 10, | : |
| and R. ROE, | : |
| | : |
| Defendants. | : |

K. Kay Shearin, Pro se Plaintiff, West Memphis, Arkansas.

J. Doe and R. Roe, Defendants.

**MEMORANDUM OPINION**

December ____, 2007
Wilmington, Delaware

Farnan, District Judge

Presently before the Court is Plaintiff's Response to the Court's November 30, 2007 Order to identify or name the J. Doe and R. Roe Defendants. (D.I. 46, 47.) For the reasons discussed below, the case will be dismissed pursuant to Fed. R. Civ. P. 41(b).

## I. BACKGROUND

Plaintiff, K. Kay Shearin, filed her Complaint on May 23, 2003. (D.I. 1.) Remaining in the case are Counts 2 and 4 which are raised against Defendants John Doe(s) one through seven and R. Roe. On November 30, 2007, the Court ordered Plaintiff to identify or name the John Doe and R. Roe Defendants within thirty days from the date of the Order. (D.I. 46.) Plaintiff was warned that failure to identify or name the Doe and Roe Defendants would result in their dismissal, as well as dismissal of the case.

Plaintiff's response was belatedly filed on December 4, 2007. (D.I. 47) Plaintiff states that while she received an e-mail notification of the Order she did not receive a hard copy of the Order. Nonetheless, Plaintiff is aware that the Court ordered her to identify or name the remaining Doe and Roe Defendants. Plaintiff states she does so "by describing what they did to [her]; the lawyers who represent the State will have

-1-

to supply the names of those persons, because the State knows, and [Plaintiff] never [has], who did what." (D.I. 48.) Plaintiff's identification of the unnamed Defendants is as follows: "Every person who . . . subjected [me], a[] citizen of the United States . . . to the deprivation of . . . [my Sixth Amendment] right[] . . . secured by the Constitution"; a person to whom an order would be addressed to vacate a criminal judgment against plaintiff; "the persons who imprisoned me in violation of the Fifth Amendment"; and a person who would respond to an order to vacate an outstanding warrant for Plaintiff's arrest. Id. Plaintiff asks the Court to tell her what else it wants if her response is insufficient.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Third Circuit has set forth six factors to consider when evaluating dismissal for failure to prosecute: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct

of the party or the attorney was willful or in bad faith; (5) the
effectiveness of sanctions other than dismissal; and (6) the
meritoriousness of the claim. Poulis v. State Farm Fire & Cas.
Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance
the factors and need not find that all of them weigh against
Plaintiff to dismiss the action. Emerson v. Thiel College, 296
F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to
prosecute involves a factual inquiry, it can be appropriate even
if some of Poulis factors are not satisfied. Hicks v. Feeney,
850 F.2d 152, 156 (3d Cir. 1998). Moreover, when a litigant's
conduct makes adjudication of the case impossible such balancing
under Poulis is unnecessary. See Guyer v. Beard, 907 F.2d 1424,
1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439,
454-55 (3d Cir. 1994).

## III. DISCUSSION

Plaintiff's generic description of the remaining Doe and Roe
Defendants does not sufficiently identify them. Her reliance
upon lawyers who represent the State to identify the Roe and Doe
Defendants, is misplaced. It is Plaintiff's responsibility, not
the State's, to identify unnamed Defendants. Moreover, Plaintiff
has had ample time and opportunity to conduct discovery to
identify and provide names for the Doe and Roe Defendants, but it
appears she has taken no action to do so.

The Court finds that the first, second, and fifth <u>Poulis</u> factors, warrant dismissal of the Complaint. First, as a <u>pro</u> <u>se</u> litigant, Plaintiff is solely responsible for prosecuting her claim. <u>Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912, 920 (3d Cir. 1992). Second, the Roe and Doe Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222-23 (3d Cir. 2003). Due to the length of time that has passed, the Roe and Doe Defendants are impaired in their ability to conduct meaningful discovery with regard to Plaintiff's claims and prepare a defense. The lengthy passage of time involves the risk of loss of evidence or the fading of memory. Notably, the Roe and Doe Defendants are not aware of this lawsuit. The Court makes no ruling on the third factor, a history of dilatoriness. As to the fourth factor, the Court cannot judge whether Plaintiff's failure to prosecute is willful or in bad faith. As to the fifth factor, there are not alternative sanctions the Court could effectively impose. Plaintiff proceeds <u>in forma pauperis</u>. Monetary penalties, therefore, would be inappropriate and unavailing. Finally, the Court makes no finding with respect to whether the claims against Doe and Roe Defendants are facially meritorious as the record is

-4-

too sparse to adequately address the merits of Plaintiff's claims against the Roe and Doe Defendants. Based upon the foregoing, the Court finds dismissal is appropriate as Plaintiff has failed to comply with the November 30, 2007 Order to identify or name the remaining Doe and Roe Defendants.

**IV. CONCLUSION**

Based upon the foregoing, the Court concludes that the Poulis factors weigh in favor of dismissal. An appropriate Order will be entered.